UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEXTER WASHINGTON,

                      Petitioner,

            -against-

LOUIS FALCO, SHERIFF,

                      Respondent.

19-CV-9408 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, currently a pretrial detainee incarcerated at the Rockland County Jail, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. He seeks to challenge the validity of the pending indictment against him. Petitioner paid the $5.00 filing fee to commence this action. The Court denies the petition for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**BACKGROUND**

The following facts are taken from the original and supplemental petitions.[1] On April 21, 2019, Petitioner was pulled over by a highway patrol officer allegedly for a traffic violation. But after an "unsuccessful breathalyzer" test, he was arrested and transported to the New York State Trooper barracks in Clarkstown, New York. (ECF No. 1, 7.) At the barracks, Plaintiff took another breathalyzer test, which indicated he had a blood-alcohol level of 0.012. After waiting for several hours for the traffic tickets, the police informed Petitioner that drugs were allegedly found in his car and that he would be charged and processed for those drugs.

The next day, a felony complaint was filed in the Clarkstown City Court charging Petitioner with possession of a controlled substance in the third degree, possession of a controlled substance with intent to sell, and several related misdemeanors. In the complaint, the Trooper alleged that heroin, marijuana, drug paraphernalia, and alcohol were found in Petitioner's car. Petitioner was arraigned and remanded to the Rockland County Jail without bail.

On or about August 2, 2019, Petitioner received a supplemental lab report from the Mid-Hudson Satellite Crime Laboratory stating that the alleged substance found in his car was Fentanyl and Acetyl Fentanyl. On August 12, 2019, Petitioner was indicted by a Rockland County grand jury on the following charges: criminal possession of Fentanyl and Acetyl Fentanyl; criminal possession of Fentanyl with the intent to sell; criminal possession of Acetyl Fentanyl with the intent to sell; and lesser misdemeanor charges. Both the Fentanyl and Acetyl Fentanyl were considered narcotics under New York Penal Law § 220.16.

---

[1] On October 9, 2019, the Court received the original petition in which Petitioner asserted two grounds for relief. (ECF No. 1.) On November 1, 2019, the Court received from Petitioner a supplemental petition in which he withdrew the two grounds from the original petition and substituted them with three new grounds. (ECF No. 4.)

Petitioner asserts the following grounds for relief: (1) he was denied his rights to due process and equal protection when the grand jury was allowed to review the supplemental lab report, which was based on a flawed testing procedure; (2) the indictment is defective because the counts in it are duplicative, charging possession of Fentanyl and Acetyl Fentanyl as two separate distinct crimes; and (3) the chain of custody for the substance found in his car was broken. Plaintiff seeks an order "granting an immediate hearing to look into the cause and pretense of [his] unlawful imprisonment" and "an emergency injunction against all criminal proceedings until such time as this matter is litigated and resolved before this court." (ECF No. 4, 11.)

## DISCUSSION

Petitioner brings this petition seeking this Court's intervention in his pending criminal proceeding. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (noting that "*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution"). A state criminal proceeding ordinarily provides an adequate forum to raise federal constitutional challenges to the prosecution. *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994).

Here, abstention under *Younger* is appropriate because the relief Petitioner seeks would require the Court to review or intervene in his ongoing state-court criminal proceedings. New York State has an important state interest in enforcing its criminal laws, and Petitioner does not assert any facts suggesting bad faith, harassment, or irreparable injury that is both serious and

3

immediate. Nor does he state any facts suggesting that the state forum is in any way inadequate to challenge the constitutionality of his prosecution. As each of the requirements for *Younger* abstention is satisfied in this case – Petitioner's state criminal proceeding is still pending, involves important state interests, and will afford him the opportunity to present his constitutional objections to the alleged violations − this Court must abstain from interfering in Petitioner's ongoing criminal prosecution. *See Sprint*, 134 S. Ct. at 588.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket. The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied. All other pending matters are terminated.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 5, 2019
       New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge